**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| SEATTLE EMPLOYMENT LAW GROUP, PLLC, a Washington Professional Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>THE EMPLOYMENT LAW GROUP, P.C., a Foreign Professional Corporation,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK AND CANCELLATION OF TRADEMARK REGISTRATION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Seattle Employment Law Group, PLLC ("SEATTLE EMPLOYMENT LAW GROUP"), complains against defendant, The Employment Law Group, P.C. ("TELG") as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. This is an action for declaratory judgment of non-infringement and cancelation arising under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq., Plaintiff also seeks attorney's fees pursuant to Section 35 of the Lanham Act, *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545,134 S. Ct. 1749 (2014).



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

2. Defendant The Employment Law Group, P.C. (TELG) seeks enforcement of its registered trademark, "THE EMPLOYMENT LAW GROUP." THE EMPLOYMENT LAW GROUP is the generic name of goods or services on or in connection with which it has been used. THE EMPLOYMENT LAW GROUP generically describes what THE EMPLOYMENT LAW GROUP does; i.e., providing employment law services.

3. SEATTLE EMPLOYMENT LAW GROUP brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, seeking declaratory judgment of no trademark infringement and the right to use the phrase "Employment Law Group.".

## II. PARTIES, JURISDICTION, AND VENUE

4. SEATTLE EMPLOYMENT LAW GROUP is a Washington Professional Limited Liability Company, based out of Seattle, Washington.

5. TELG is a District of Columbia professional corporation with a principal place of business at 888 17th Street, NW, 9th Floor, Washington, DC 20006.

6. This Complaint arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. and is based upon an immediate and actual justiciable controversy between the parties with respect to defendant's allegations that SEATTLE EMPLOYMENT LAW GROUP has infringed on one or more of its Trademarks (including registered trademarks nos. 3,436,135 and 3,428,807) thereby giving rise to an actual case or controversy under 28 U.S.C. §§ 2201 and 2202.

7. This Court has jurisdiction to determine the right to registration and to order cancelation of a registration pursuant to 15 U.S.C. § 1119.

8. This Court has specific jurisdiction over TELG. TELG has purposefully availed itself of Washington by seeking enforcement of its trademark against SEATTLE EMPLOYMENT LAW GROUP in Seattle, Washington.

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 2201 and 2202.



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Venue is proper in this judicial district because a substantial part of the events giving rise to the claim occurred herein.

## III. FACTUAL ALLEGATIONS

11. SEATTLE EMPLOYMENT LAW GROUP is a Washington Professional Limited Liability Company, based out of Seattle, Washington.

12. SEATTLE EMPLOYMENT LAW GROUP provides employment law legal services to residents of Washington State, and primarily within the Puget Sound Region.

13. SEATTLE EMPLOYMENT LAW GROUP's lawyers are all licensed with the Washington State Bar Association to practice law in the State of Washington.

14. TELG offers legal services, primarily related to employment law, to residents of various locations on the East Coast, including, within the District of Columbia and the States of Virginia, Maryland, Alabama, Florida, and New York.

15. TELG employs 13 attorneys, but no TELG attorney is licensed to practice law in the State of Washington.

16. TELG is not registered or licensed to do business with the Washington Secretary of State or the Washington State Department of Revenue.

17. On March 10, 2020, through counsel, TELG sent SEATTLE EMPLOYMENT LAW GROUP a letter that falsely states that TELG advertises and provides legal services in the State of Washington and the City of Seattle. A copy of that letter is attached hereto as **Exhibit A**.

18. TELG's cease and desist letter demands that SEATTLE EMPLOYMENT LAW GROUP cease use of the generic term EMPLOYMENT LAW GROUP or TELG will pursue claims in court.

19. TELG falsely represented that its attorneys are entitled to practice law in the State of Washington and the City of Seattle.



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

20. On March 10, 2020, TELG's website reflected the jurisdictions its attorneys were licensed to practice law in, none of which included the State of Washington.

21. Upon information and belief, none of TELG's attorneys are licensed to practice law in the State of Washington.

22. TELG's letter states TELG is the owner of trademark registration nos. 3,436,135 and 3,428,807, that SEATTLE EMPLOYMENT LAW GROUP is using TELG's mark, and demands that SEATTLE EMPLOYMENT LAW GROUP must cease all such use or face financial hardship through frivolous litigation.

23. SEATTLE EMPLOYMENT LAW GROUP denies that it is using any of TELG's trademarks, and SEATTLE EMPLOYMENT LAW GROUP denies that registration nos. 3,436,135 and 3,428,807 are valid.

24. The phrase "employment law" is reflected on the websites for countless law firms in countless legal markets throughout the United States.

25. The "Employment Law Group" is and/or has been used by a number of law firms throughout the United States to identify the genus of their practice area or of one of their practice areas.

26. Defendant's letter does not disclose that Defendant's trademark rights were challenged in the United States District Court for the Northern District of California, and that Defendant's voluntarily resolved that action without requiring Eugene T. Franklin to change the name of his law firm to a name other than "Franklin Employment Law Group" and that Mr. Franklin continued practicing law in California under that name until he retired.

27. Defendant's letter does not disclose that Defendant's trademark rights were challenged in the United States District Court for the District of Massachusetts, and that The Najjar Employment Law Group has not changed its name.

28. On April 22, 2020, Counsel for TELG represented that it would not agree to any resolution of the dispute without SEATTLE EMPLOYMENT LAW GROUP



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

modifying its name to exclude the generic three-word phrase “EMPLOYMENT LAW GROUP.”

29. The phrase “employment law group” is generic, reflecting the services of law firms providing employment law services.

30. The phrase “employment law group” is functional, reflecting the services of law firms providing employment law services.

31. “Employment” or “Employment Law” are generic terms in the legal profession for the practice of employment law or providing legal services in connection with employment.

32. The terms “group” or “law group” have no trademark significance in the same manner that the term “company” or the domain designation <.com> when used as part of a purported trademark.

33. Where a term lacks sufficient distinctiveness so that it is generic, it cannot be the subject of trademark protection under any circumstance.

34. A generic term is one that refers to the genus of which the particular product is a species. When a trademark's primary significance is to describe the type of product rather than the producer or source, the mark is a generic term.

35. The Lanham Act itself contains a test for genericness: "The primary significance of the … mark to the relevant public … shall be the test for determining whether the … mark has become the generic name of goods or services on or in connection with which it has been used." 15 U.S.C. § 1064(3).

36. The Ninth Circuit relies on the "who-are-you/what-are-you" test in determining whether a term is generic. If a mark answers the buyer's question "Who are you?" "Where do you come from?" then the mark is valid because a buyer understands it to refer only to a particular source of the goods or services. On the other hand, when a mark answers the buyer's "What are you?" question, the mark is generic and invalid because it is identified with all such goods or services regardless of their producers.



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

37. The relevant public here is the consumers of employment law services in Seattle, Washington.

38. THE EMPLOYMENT LAW GROUP answers only the “what are you question” and is, therefore, generic.

39. As a result of defendant’s cease and desist letter, SEATTLE EMPLOYMENT LAW GROUP has a reasonable belief that defendant will file suit against SEATTLE EMPLOYMENT LAW GROUP for alleged infringement of one or more of the trademarks.

40. As a result of defendant’s cease and desist letter, SEATTLE EMPLOYMENT LAW GROUP has incurred financial losses through the expenditure of legal fees and lost attorney time in researching and responding to defendant’s deceptions.

41. Accordingly, there is an immediate and actual justiciable controversy between the parties with respect to defendant’s allegations that SEATTLE EMPLOYMENT LAW GROUP has infringed one or more trademarks.

## IV. CAUSES OF ACTION

42. **<u>Claim 1</u>. Declaratory Judgment.** Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331.

43. There is an actual controversy within this jurisdiction as a result of TELG’s efforts to cause SEATTLE EMPLOYMENT LAW GROUP to cease and desist practicing law in the Seattle legal market as SEATTLE EMPLOYMENT LAW GROUP.

44. There is a substantial controversy, between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45. TELG has confirmed that it intends to enforce its invalid trademark to THE EMPLOYMENT LAW GROUP and prevent SEATTLE EMPLOYMENT LAW GROUP from using the three words EMPLOYMENT LAW GROUP.



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

46. SEATTLE EMPLOYMENT LAW GROUP seeks declaratory judgment that of no trademark infringement, no federal unfair competition, and the right to use SEATTLE EMPLOYMENT LAW GROUP to identify their law firm.

47. **<u>Claim 2</u>. Trademark Registration No. 3,436,135 is Invalid**. SEATTLE EMPLOYMENT LAW GROUP has not infringed trademark registration no. 3,436,135. Further the trademark is invalid, in part, because it covers generic and functional phrases. SEATTLE EMPLOYMENT LAW GROUP is entitled to a declaration that it has not infringed trademark registration no. 3,436,135 and that said registration is invalid and should be cancelled from the Principal Register.

48. **<u>Claim 3</u>. Trademark Registration No. 3,428,807 is Invalid**. SEATTLE EMPLOYMENT LAW GROUP has not infringed trademark registration no. 3,428,807. Further the trademark is invalid, in part, because it covers generic and functional phrases. SEATTLE EMPLOYMENT LAW GROUP is entitled to a declaration that it has not infringed trademark registration no. 3,428,807 and that said registration is invalid and should be cancelled from the Principal Register.

## V. PRAYER FOR RELIEF

49. Plaintiff SEATTLE EMPLOYMENT LAW GROUP requests that the court enter judgment against Defendant TELG, as follows:

(a) Entering an Order declaring that SEATTLE EMPLOYMENT LAW GROUP has not infringed any trademark

(b) Entering an Order that SEATTLE EMPLOYMENT LAW GROUP's use of the phrase "Seattle Employment Law Group" and/or the term "employment law group" does not constitute trademark infringement or false designation of origin;

(c) Entering an Order declaring that registration nos. 3,436,135 and 3,428,807 are invalid;



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

(d) Entering an Order canceling U.S. Registration Nos. 3,436,135 and 3,428,807;

(e) For the full amount of all actual, general, and special damages established at trial;

(f) For actual and reasonable attorney's fees and litigation expenses as provided by 35 U. S. C. § 285;

(g) Such further equitable, legal or additional relief as may be appropriate and just.

## VI. JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: April 23, 2020.

BRESKIN JOHNSON & TOWNSEND, PLLC

By: *s/Roger M. Townsend*
Roger M. Townsend, WSBA #25525
1000 Second Avenue, Suite 3670
Seattle, WA 98104
(206) 652-8660 Telephone
(206) 652-8290 Facsimile
rtownsend@bjtlegal.com