The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SEATTLE EMPLOYMENT LAW GROUP, PLLC, a Washington Professional Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>THE EMPLOYMENT LAW GROUP, P.C., a District of Columbia Professional Corporation,<br><br>Defendant. | Case No. 2:20-cv-00618-RSM<br><br>**THE EMPLOYMENT LAW GROUP, P.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Pursuant to the Federal Rules of Civil Procedure, Defendant The Employment Law Group, P.C ("TELG") provides the following Answer, Affirmative Defenses, and Counterclaims to Plaintiff Seattle Employment Law Group, PLLC's ("SELG") Complaint. (Dkt. 1). Except as expressly admitted herein, TELG denies each and every allegation set forth in SELG's complaint and the allegations admitted by TELG are only admitted to the extent expressly stated herein.

## ANSWER

TELG responds to the individually numbered paragraphs in the Complaint as follows:

1. The allegations of paragraph 1 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

THE EMPLOYMENT LAW GROUP, P.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS—1
[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1     2.     TELG admits that it owns federally-protected trademarks for THE EMPLOYMENT LAW GROUP, which TELG first used in 2000 and which the U.S. Patent and Trademark Office ("USPTO") registered in 2008 in connection with "legal services" in International Class 42 and acknowledged as incontestable in 2013. True and accurate copies of TELG's certificates of registration, along with USPTO acknowledgements of their incontestability under 15 U.S.C. § 1065, are attached as **Exhibits 1 and 2**, representing USPTO Registration Nos. 3436135 and 3428807, respectively. TELG admits that it seeks enforcement of its rights against SELG and otherwise denies the allegations set forth in Paragraph 2.

    3.     The allegations of paragraph 3 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

    4.     Admitted, on information and belief.

    5.     Admitted.

    6.     The allegations of paragraph 6 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

    7.     The allegations of paragraph 7 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

    8.     Denied.

    9.     The allegations of paragraph 9 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

    10.     The allegations of paragraph 10 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

    11.     Admitted, on information and belief.

    12.     Admitted, on information and belief.

    13.     Admitted, on information and belief.

    14.     TELG admits that it properly and according to law and rules of professionalism offers legal services, including the current representation of clients in this courthouse in a pro hac vice capacity sponsored by Breskin Johnson & Townsend ("BJT Legal"). Attached as **Exhibit 3** are redacted, date-stamped *pro hac vice* forms dated October 12, 2019 whereby BJT Legal

THE EMPLOYMENT LAW GROUP, P.C.'S
ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS—2
[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

sponsored TELG attorneys' admissions to this court. Attached as **Exhibit 4** is a redacted copy of the engagement letter, titled a "Co-Counsel Agreement," whereby TELG engaged BJT Legal as local counsel in an ongoing case currently under seal in this courthouse as Docket No. 19-cv-600.

15. TELG admits that of its 13 attorneys none are admitted specifically to the bar of the State of Washington.

16. Admitted.

17. TELG admits that, on March 10, 2020, it sent correspondence (the "Demand Letter") that notified SELG of TELG's THE EMPLOYMENT LAW GROUP® service marks and correctly stated that TELG represents clients in Seattle. SELG's claims in this paragraph are otherwise denied. A true and accurate copy of that letter is attached as **Exhibit 5**.

18. TELG admits that its Demand Letter demanded that SELG cease its infringing use of EMPLOYMENT LAW GROUP and stated that TELG was prepared to enforce its rights but preferred an amicable settlement without resort to courts. TELG denies that it threatened litigation. True and accurate screenshots from SELG's website, taken April 29, 2020, demonstrating SELG's infringing use of TELG's marks are attached as **Exhibits 6 through 8**. For comparison, a true and accurate screenshot from TELG's website, taken on May 1, 2020, demonstrating its use of its mark is attached as **Exhibit 9**.

19. Denied, as TELG properly and according to law and rules of professionalism offers legal services, including the current representation of clients in this courthouse in a *pro hac vice* capacity sponsored by BJT Legal.

20. TELG admits that its website lists the state bar licenses held by each of its attorneys, and that none of its attorneys were granted their licenses by the State of Washington.

21. TELG admits that none of its attorneys hold licenses granted by the State of Washington.

22. TELG admits that the Demand Letter correctly identified TELG as the owner of USPTO Trademark Registration Nos. 3436135 and 3428807 and demanded that SELG cease its infringing uses of "Seattle Employment Law Group."

THE EMPLOYMENT LAW GROUP, P.C.'S
ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS—3
[Case No.: 2:20-cv-00618-RSM]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

23. TELG admits that SELG denies its infringing use and the validity of TELG's federally-registered trademark; in all other respects the allegations contained in Paragraph 23 are denied.

24. TELG admits that the phrase "employment law" is used widely; in all other respects the allegations contained in Paragraph 24 are denied.

25. TELG admits that other law firms in the United States may use "employment law group" in a non-trademark sense or ordinary speech as permissible under trademark law; in all other respects the allegations contained in Paragraph 25 are denied.

26. TELG admits that there has been prior litigation over its mark, such as the action identified in Paragraph 26. TELG further admits that the action identified in Paragraph 26 resulted in a confidential settlement and that there is no current infringement; in all other respects the allegations contained in Paragraph 26 are denied.

27. TELG admits that there has been prior litigation over its mark, such as the action identified in Paragraph 27. TELG further admits that the action identified in Paragraph 27 resulted in a confidential settlement and that there is no current infringement; in all other respects the allegations contained in Paragraph 27 are denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. TELG admits that generic terms cannot be trademarked; in all other respects the allegations contained in Paragraph 33 are denied.

34. The allegations of paragraph 34 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

35. The allegations of paragraph 35 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

THE EMPLOYMENT LAW GROUP, P.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS—4
[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

36. The allegations of paragraph 36 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

37. Denied.

38. Denied.

39. Denied.

40. TELG admits, on information and belief, that SELG has incurred expenditures for hiring BJT Legal and denies SELG's allegations of deception; in all other respects the allegations contained in Paragraph 40 are denied.

41. Denied.

## CLAIM 1
### Declaratory Judgment

42. The allegations of paragraph 42 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

43. The allegations of paragraph 43 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

44. The allegations of paragraph 44 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

45. TELG admits the contents of the referenced letter which speaks for itself; in all other respects the allegations contained in paragraph 45 are denied.

46. The allegations of paragraph 46 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

## CLAIM 2
### Trademark Registration 3,436,135 is Invalid

47. The allegations of paragraph 47 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

THE EMPLOYMENT LAW GROUP, P.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS—5
[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## CLAIM 3
### Trademark Registration 3,428,807 is Invalid

48. The allegations of paragraph 48 state legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

49. The material following paragraph 48 until the signature line of the pleading is Prayer for Relief or other matter to which no response is required; to the extent any response may be deemed required any and all allegations are denied. TELG further denies that SELG is entitled to damages, equitable relief, injunctive relief, attorneys' fees, expenses, or other relief, including, but not limited to, any and all relief demanded by SELG in its Prayer for Relief.

### AFFIRMATIVE AND RULE 12 DEFENSES

TELG asserts the following affirmative defenses to SELG's Complaint. In asserting these defenses, TELG does not assume the burden of establishing any fact or proposition where that burden is imposed on SELG, as Plaintiff.

### FIRST DEFENSE

SELG's claims fail to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

SELG's claims fail because TELG's marks are valid, not generic, and not subject to cancellation.

### THIRD DEFENSE

SELG's claims fail because SELG's conduct—merely adding a geographic descriptor to the beginning of a valid mark—constitutes infringement of TELG's valid and incontestable marks.

### FOURTH DEFENSE

SELG's request for equitable relief should be denied, and SELG should be denied equitable relief, under the doctrine of unclean hands.

### FIFTH DEFENSE

TELG reserves the right to amend its Answer and Defenses to assert additional defenses and counterclaims that are discovered during the course of this litigation.

THE EMPLOYMENT LAW GROUP, P.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS—6
[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

WHEREFORE, having fully responded to the Complaint, TELG respectfully requests that:

1. All claims be dismissed with prejudice;

2. SELG's demand for damages, equitable relief, injunctive relief, liquidated damages, attorney's fees, expenses, or other relief be denied;

3. SELG recover nothing from TELG through this action;

4. TELG recovers from SELG the costs and attorney's fees that it incurs and has incurred in defending this action; and

5. TELG receive other relief that this Court deems just and proper.

## COUNTERCLAIM

TELG incorporates herein by reference the admissions, allegations, denials, and Affirmative Defenses contained in its Answer above as if set forth fully herein. For its Counterclaims, TELG alleges upon personal knowledge to its own actions, and upon information and belief as to the actions of SELG, as follows:

1. This is a counterclaim against SELG for trademark infringement and for unfair competition against TELG.

## PARTIES

2. TELG is a District of Columbia professional corporation with a principal place of business at 888 17th Street NW, 9th Floor, Washington DC 20006.

3. Upon information and belief, SELG is a Washington professional limited liability company, based in Seattle, Washington.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over SELG.

6. Venue is proper in this jurisdiction for this Counterclaim pursuant to 28 U.S.C. § 1391(b) & (c) and because SELG is subject to personal jurisdiction in this district.

THE EMPLOYMENT LAW GROUP, P.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS—7
[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

7. Upon information and belief, SELG is a resident of this district due to the location of its principal place of business in this state. Furthermore, personal jurisdiction over SELG is proper based on the commencement of this action.

**FACTS**

**A.   TELG'S protected marks**

8. TELG has used THE EMPLOYMENT LAW GROUP as its trademark in interstate commerce since March 1, 2000 and federally registered that mark, both in standard character and logo formats, in 2008. Both of these registrations became incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065, in 2013, seven years before SELG came into existence on January 9, 2020. This is demonstrated by **Exhibits 1 and 2,** which are true and correct copies of the registration certificates for Trademark Registration Nos. 3436135 and 3428807, along with USPTO acknowledgements of incontestability.

9. The incontestable registrations provide conclusive evidence of TELG's exclusive right to use its "THE EMPLOYMENT GROUP" marks in commerce pursuant to 15 U.S.C. § 1115(b), as well as nationwide constructive notice of TELG's exclusive rights pursuant to 15 U.S.C. § 1072.

10. For more than twenty years, TELG has used its THE EMPLOYMENT LAW GROUP® mark in interstate commerce continuously in connection with the provision of legal services to clients across the nation. Attached as **Exhibit 9**[1] is a true and accurate screenshot of TELG's website, downloaded May 1, 2020, demonstrating TELG's use of the mark in connection with its services.

11. As a result of its widespread, continuous, and exclusive use of the mark to identify its services and TELG as their source, TELG owns both valid and subsisting federal statutory and common law rights to the mark.

---

[1] The numbering of this exhibit, and others referenced below, is non-sequential as they were initially introduced in the Answer.

THE EMPLOYMENT LAW GROUP, P.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS—8
[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

12. TELG's THE EMPLOYMENT LAW GROUP mark is distinctive and recognizable to both the consuming public and TELG's trade; it is known throughout the industry and beyond for its quality legal services.

13. TELG provides legal services under THE EMPLOYMENT LAW GROUP marks nationwide, including within this courthouse in a current case. A true and accurate redacted copy of the *pro hac vice* application relating to this case, demonstrating TELG is currently representing a client in this district, is attached as **Exhibit 3.** A true and accurate, redacted copy of the engagement letter, titled a "Co-Counsel Agreement," whereby TELG engaged local counsel for this case, is attached as **Exhibit 4**.

14. The services that TELG offers under its marks are of high quality.

15. As a result of TELG's expenditures and efforts, the "The Employment Group" mark has come to signify the high quality of the services designated by the mark, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to TELG.

16. TELG has expended substantial time, money, and resources marketing, advertising, and promoting the legal services that it provides under its protected marks, as well as enforcing its trademarks against infringing uses.

**B. SELG's use of the infringing mark**

17. SELG is, on information and belief, a professional liability company based in Seattle, Washington, that offers legal services, primarily related to employment law.

18. While TELG has been operating under the same name, and using its marks for more than two decades, SELG only recently came into existence. SELG adopted "Seattle Employment Law Group" (the "Infringing Mark") as its trademark and organized its business under that name on January 9, 2020. Attached as **Exhibit 10**, is a true and accurate screenshot, taken May 1, 2020, of Washington's Secretary of State website, recording SELG's formation.

19. On information and belief, SELG began using the Infringing Mark as soon as SELG came into existence and continues to do so today.

THE EMPLOYMENT LAW GROUP, P.C.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS—9
[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**C.   SELG'S is using the infringing mark in commerce and infringing TELG's marks**

20.   SELG is using the Infringing Mark in connection with promoting, advertising, and offering its legal services.

21.   SELG is offering services identical to those offered by TELG. Thus, SELG is directly competing with TELG.

22.   SELG's use of the Infringing Mark is evident not only from its own uses of the Infringing Mark, but also from uses by third parties who have used the Infringing Mark at SELG's direction. Attached as **Exhibits 11 and 12** are true and accurate screenshots taken of third-party websites where SELG's use of Infringing Mark is clear.

23.   SELG is not affiliated with nor sponsored by TELG and has not been authorized by TELG to use the Infringing Mark, or any other mark confusingly similar thereto, to identify its services.

24.   The Infringing Mark adopted and used by SELG is confusingly similar to TELG's THE EMPLOYMENT LAW GROUP marks. SELG's claimed "Seattle Employment Law Group" trademark incorporates text that is identical to THE EMPLOYMENT LAW GROUP and uses it in connection the offering and sales of identical services.

25.   Upon information and belief, SELG has marketed, advertised, promoted, and sold its services under the Infringing Mark in, at the very least, the State of Washington and the City of Seattle.

26.   SELG's adoption and use of "Seattle Employment Law Group" mark is likely to cause confusion, mistake or deception among purchasers and the consuming public as to the source, origin, or sponsorship of SELG's services.

27.   On March 10, 2020, TELG's counsel sent a cease and desist letter (the "Demand Letter") to SELG objecting to SELG's use of the Infringing Mark and seeking to resolve the matter constructively. Attached as **Exhibit 5** is a true and correct copy of the Demand Letter.

28.   SELG, through counsel, first responded to the Demand Letter on April 18, 2020.

29.   SELG's use of the Infringing Mark constitutes willful infringement.

THE EMPLOYMENT LAW GROUP, P.C.'S
ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS—10
[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

30. SELG's infringing acts as alleged herein are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the SELG's services and are likely to deceive the relevant consuming public into believing, mistakenly, that SELG's services originate from, are associated or affiliated with, or otherwise authorized by TELG.

31. Upon information and belief, SELG's acts are willful with the deliberate intent to trade on the goodwill of TELG's marks, cause confusion and deception in the marketplace, and divert potential sales of TELG's services to SELG.

32. SELG's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to TELG and to its valuable reputation and goodwill with the consuming public for which TELG has no adequate remedy at law.

## COUNT ONE
### Federal Trademark Infringement

33. TELG repeats and re-alleges each and every allegation above as if set forth herein.

34. U.S. Trademark Registration Nos. 3436135 and 3428807 for the THE EMPLOYMENT LAW GROUP marks are valid and incontestable and entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

35. SELG's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of SELG's, and is likely to cause consumers to believe, contrary to fact, that SELG's services are sold, authorized, endorsed, or sponsored by TELG, or that SELG is in some way affiliated with or sponsored by TELG. SELG's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36. Upon information and belief, SELG has committed the foregoing acts of infringement with full knowledge of SELG's prior rights in the "The Employment Law Group" Marks and with the willful intent to cause confusion and trade on TELG's goodwill.

37. The intentional nature of the aforementioned acts of SELG makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

THE EMPLOYMENT LAW GROUP, P.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS—11
[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

38. SELG's conduct is causing immediate and irreparable harm and injury to TELG, and to its goodwill and reputation, and will continue to both damage TELG and confuse the public unless enjoined by this court. TELG has no adequate remedy at law.

39. Upon information and belief, SELG has profited and has been unjustly enriched by sales of its services, under the Infringing Mark. SELG would not have realized the full amount of these profits but for its unlawful conduct, to SELG's gain and TELG's detriment.

40. TELG is entitled to, among other relief, injunctive relief and an award of actual damages, SELG's profits, enhanced damages and profits, reasonable attorneys' fees, interest, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
**Federal Unfair Competition**

41. TELG repeats and re-alleges each and every allegation above as if set forth herein.

42. SELG's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of SELG's services, and is likely to cause consumers to believe, contrary to fact, that SELG's services are sold, authorized, endorsed, or sponsored by TELG, or that SELG is in some way affiliated with or sponsored by TELG, in violation of 15 U.S.C. § 1125(a).

43. SELG's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

44. SELG's use of the Infringing Mark in connection with the services it offers was, and is, done with full knowledge that such use was not authorized or licensed by TELG. SELG has and continues to willfully use the Infringing Mark with the intent to confuse, mislead, or deceive customers and others as to the origin, source, sponsorship, or affiliation of SELG's services, and with the intent to trade on TELG's reputation and goodwill.

45. SELG's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

THE EMPLOYMENT LAW GROUP, P.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS—12
[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

46. The intentional nature of the aforementioned acts of SELG makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

47. SELG's conduct as alleged herein is causing immediate and irreparable harm and injury to TELG, and to its goodwill and reputation, and will continue to both damage TELG and confuse the public unless enjoined by this court.

48. TELG has no adequate remedy at law because the financial harm, and the harm to TELG's goodwill, as a result of SELG's unlawful conduct is extraordinarily difficult to quantify, if it can be quantified at all.

49. TELG is entitled to, among other relief, injunctive relief and an award of actual damages, SELG's profits, enhanced damages and profits, reasonable attorneys' fees, interest, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, TELG prays:

1. Pursuant to 15 U.S.C. § 1116, that SELG and each of their agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with SELG be preliminarily and permanently enjoined from:

    a. using the infringing "Employment Law Group" mark or any other trademark or trade name confusingly similar to TELG's THE EMPLOYMENT LAW GROUP trademarks, in connection with the offering and sale of any legal services;

    b. using or authorizing to use in any manner any design, trademark, trade name, or combination thereof that imitates, resembles, or suggests the THE EMPLOYMENT LAW GROUP trademarks;

    c. otherwise infringing the THE EMPLOYMENT LAW GROUP trademarks;

    d. unfairly competing with TELG and otherwise injuring TELG's business reputation in any manner;

[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

      e.    other and further infringing conduct as the Court determines in the just and appropriate exercise of its authority.

2. That a constructive trust be imposed on all proceeds and/or fruits of the sales of services offered through a mark that infringes TELG's THE EMPLOYMENT LAW GROUP trademark;

3. Pursuant to 15 U.S.C. § 1118, that SELG be directed to deliver up for destruction all infringing packages, labels, advertisements, promotions, point of sale materials, signs, prints, and all other materials in their possession or under their control;

4. That each SELG be directed to file with the Court and serve upon TELG, within 30 days after entry of the final judgment, a report in writing and under oath setting forth in detail the manner and form in which SELG has complied with the provisions set forth in Paragraphs 2 and 3 above.

5. Pursuant to 15 U.S.C. §§ 1117 and 1125, that SELG account and pay TELG damages in an amount equivalent to all the profits that are attributable to SELG' infringements, and such sums as the Court finds to be just, and further, that the amount of the monetary award granted by trebled in view of the willful and deliberate nature of SELG's unlawful conduct;

6. Pursuant to 15 U.S.C. §§ 1117 and 1125, and the common law, that this be held to be an exceptional case and that SELG be ordered to pay TELG the costs of this action and TELG's reasonable attorneys' fees;

7. That TELG's reasonable attorneys' fees be awarded; and

8. That TELG be granted such other, further, different, or additional relief as this Court deems equitable and proper.

THE EMPLOYMENT LAW GROUP, P.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS—14
[Case No.: 2:20-cv-00618-RSM]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

| | |
|---|---|
| Dated: May 26, 2020 | Respectfully submitted, |
| | NEWMAN DU WORS LLP |
| | |
| | s/ Derek A. Newman |
| | s/ Rachel Horvitz |
| | Derek A. Newman, WSBA No. 26967 |
| | Rachel Horvitz, WSBA No. 52987 |
| | 2101 Fourth Avenue, Suite 1500 |
| | Seattle, WA 98121 |
| | Telephone: (206) 274-2800 |
| | Email: *dn@newmanlaw.com* |
| | *rachel@newmanlaw.com* |
| | |
| | Counsel for Defendant |
| | The Employment Law Group, P.C. |

THE EMPLOYMENT LAW GROUP, P.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS—15
[Case No.: 2:20-cv-00618-RSM]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800